UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.   8:08-cr-162-T-23TGW
           8:13-cv-2412-T-23TGW

GLODOBLATG PALACIOS
a/k/a GLODOBARDO PALACIOS
_____/

**ORDER**

The defendant's motion to reconsider his conviction and sentence and for a hearing (Doc. 100 in the criminal case) was construed (Doc. 107 in the criminal case) as a motion under 28 U.S.C. § 2255. Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

The defendant pleaded guilty to count one of the indictment, which charges conspiracy to possess with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, a violation of 46 U.S.C. §§ 70503(a)(1), 70506(a), and 70506(b); and 21 U.S.C. § 960(b)(1)(B)(ii). The defendant was sentenced in September, 2008, and because he filed no direct appeal, the conviction was final in 2008.

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). The limitation for a motion to vacate expired in 2009. The motion to vacate (Doc. 1 in the civil case, Doc. 100 in the criminal case) filed in 2013 is untimely and time-barred under Section 2255(f)(1).

The defendant claims entitlement to a new limitation under 28 U.S.C. § 2255(f)(3) and under *United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1258 (11th Cir. 2012). *Hurtado* is factually distinguishable. The defendant was convicted of violating the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70503(a), *et. seq.*, which is based on the constitutional authority granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, § 8, cl. 10. *Hurtado*, 700 F.3d at 1248-49, explains the breadth of jurisdiction under the MDLEA.

> The Supreme Court has interpreted that Clause to contain three distinct grants of power: the power to define and punish piracies, **the power to define and punish felonies committed on the high seas**, and the power to define and punish offenses against the law of nations. *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59, 5 L. Ed. 57 (1820). The first two grants of power are not implicated here: piracy is, by definition, robbery on the high seas, *United States v. Furlong*, 18 U.S. (5 Wheat.) 184, 198, 5 L. Ed. 64 (1820), and the Felonies Clause is textually limited to conduct on the high seas, *see* U.S. Const., Art. I, § 8, cl. 10. The United States relies instead on the third grant—the Offences Clause—as the source of congressional power to proscribe the defendants' drug trafficking in the territorial waters of Panama. The question whether Congress has the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation is an issue of first impression in our Court.

(emphasis added).

*Hurtado* rejected the argument that the "Offences Clause" supports the MDLEA. "Because drug trafficking is not a violation of customary international law, we hold that Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama." 700 F.3d at 1258.

However, *Hurtado* is inapplicable to the defendant. As explained by the United States (Doc. 106 in the criminal case), the defendant was aboard a go-fast vessel, which was detected in international water (07-19.5N  078-32.3W) and was disabled in international water (07-35.6N  07-40.4W) – "approximately 39 nautical miles (nm) from the Panama/Columbia border." Notwithstanding argument to the contrary, the defendant's apprehension on April 3, 2008, occurred unquestionably in international water. *United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003) (recognizing that "international water" is all area beyond twelve miles from land).

Because the defendant was not within a country's territorial water, *Hurtado* is inapplicable, and the defendant acquires no new limitation under Section 2255(f)(3).

Accordingly, the defendant's criminal prosecution is concluded, and the motion to correct or modify his sentence, construed as a motion under 28 U.S.C. § 2255, is **DISMISSED** as time-barred.

## DENIAL OF BOTH
## A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

The defendant is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, the defendant must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion is clearly time-barred and because the defendant qualifies for no new limitation under Section 2255(f)(3), the defendant cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, because the defendant is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  The defendant must pay the full $455 appellate filing fee without installments unless the circuit court allows him to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on December 2, 2013.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE